| | | |
|---|---|---|
| FRANK BETZ ASSOCIATES, INC. | ) | |
| Plaintiff | ) ) ) | No. 3-08-0159 |
| v. | ) ) | |
| J.O. CLARK CONSTRUCTION, L.L.C; and MARK CLARK, | ) ) ) ) | |
| Defendants | ) ) | |
| and | ) ) | |
| CLARK & HOWELL BUILDING GROUP, LLC, | ) ) ) ) | |
| Defendant/Third-Party Plaintiff | ) ) | |
| v. | ) ) | |
| KEN HOWELL, | ) ) | |
| Third-Party Defendant. | ) | |

O R D E R

As provided herein, the motions of defendants J.O. Clark Construction, LLC and Clark & Howell Building Group, LLC (herein referred to as "the defendants") for protective order (Docket Entry Nos. 51 and 55) are DENIED.

The plaintiff served the defendants with written discovery, seeking documents and information related to houses the defendants built and sold in the last nine years. The defendants apparently responded to the plaintiff by providing information related to the 179 houses that were sold within three years prior to the filing of the lawsuit.[1]

---

[1] Neither party has provided the actual written discovery or the responses thereto, or quoted the discovery requests verbatim. Nor did the parties file a joint written statement in accord with Local Rule 37.01. However, it appears that the parties have conferred and that the Court is presented with a discrete question of law: whether the scope of plaintiff's discovery should be limited to the time period beginning no earlier than three years prior to the filing of this lawsuit.

Defendants seek a protective order to limit the scope of the plaintiff's written discovery to the time period of three years prior to the filing of this lawsuit. It is the defendants' position that the "injury rule" should apply to the three year statute of limitations under the Copyright Act, and thus the plaintiff should be limited to discovery relating to alleged infringements within three years before this lawsuit was filed.

The statute of limitations provided in the Copyright Act, 17 U.S.C. § 507(b), provides that a civil action under the Act must be "commenced within three years after the claim accrued." The question is whether the accrual of a claim occurs when the infringement occurs or when the plaintiff knew or had reason to know of the injury. As the defendants have candidly acknowledged, the Court of Appeals for the Sixth Circuit has "said that the discovery rule applies to infringement claims." Docket Entry No. 52, at 5. However, the defendants argue that, despite the espousal of the "discovery rule," the Sixth Circuit has not thoroughly analyzed the rule nor has the distinction between the "discovery rule" and the "injury rule" been essential to any Sixth Circuit cases. Instead, the defendants urge the Court to follow the Southern District of New York in <u>Auscape Int'l v. National Geographic Soc'y,</u> 409 F. Supp.2d 235 (S.D.N.Y. 2004), which analyzed the legislative history of section 507(b), and relied on <u>TRW v. Andrews,</u> 534 U.S. 19, 122 S.Ct. 441, 151 L.Ed.2d 339 (2001) (adopting the "injury rule" in a Fair Credit Reporting Act case), in holding that the "injury rule" should be used to determine when a copyright infringement claim accrues.

Not surprisingly, the parties have disparate views of the legislative history of section 507(b). The defendants contend, as the Court in <u>Auscape</u> concluded, that the legislative history reveals a congressional desire for certainty and uniformity and thus an intent to establish a three-year statute of limitations beginning from the date of infringement. The plaintiff emphasizes that the congressional concern was bottomed on the disparity among state statutes of limitations, which the defendants, in fact, acknowledge.

While this Court would not go so far as to adopt the plaintiff's description of the Court's rationale in <u>Auscape</u> as "aberrant," it is clearly a minority view. It has been followed in the Southern

2

District of New York,[2] but has not been adopted by any courts of appeal. Significantly, the vast majority of courts that have addressed this issue have continued to utilize the "discovery rule" after Auscape and after TRW. See Warren Freedenfeld Assocs., Inc. v. McTigue, 531 F.3d 38, 44 (1st Cir. 2008); Polar Bear Prods., Inc. v. Timex Corp., 384 F.3d 700, 705-707 (9th Cir. 2004); Gaimon v. McFarlane, 360 F.3d 644, 653 (7th Cir. 2004); Thornton v. J Jargon Co., 580 F. Supp.2d 1261, 1284-1286 (M.D. Fla. 2008); Home Design Servs., Inc. v. B & B Custom Homes, LLC, 509 F. Supp.2d 968, 972-73 (D. Colo. 2007); William A. Graham Co. v. Haughey, 2006 WL 336672, * 11 & n.2 (E.D. Pa. Nov. 21, 2006).[3]

Most significantly, the Court of Appeals for the Sixth Circuit has continued to adhere to the "discovery rule." In Bridgeport Music, Inc. v. Diamond Time, Ltd., 371 F.3d 883, 889 (6th Cir. 2004), the Court clearly held that "[a] cause of action accrues when a plaintiff knows of the infringement or is chargeable with such knowledge," an enunciation of the "discovery rule." The defendants latch onto the next sentence in Bridgeport, in which the Court said, "[b]ecause each act of infringement is a distinct harm, the statute of limitations bars infringement claims that accrued more than three years before suit was filed but does not preclude infringement claims that accrued within the statutory period." 371 F.3d at 889. Thus, the defendants argue that "it can easily be inferred that the Sixth Circuit views a copyright cause of action as accruing when the infringement occurs, not when the plaintiff learns of the infringement." Docket Entry No. 52, at 6. However, since the Sixth Circuit defined the accrual date as the date on which the plaintiff knew of the infringement or is chargeable with such knowledge, the two sentences are not inconsistent and the

---

[2] See Medical Educ. Dev. Serv. v. Reed Elsevier Group, PLC, 2008 WL 4449412, * 10-11 (S.D.N.Y. Sept. 30, 2008); Vasquez v. Torres-Negron, 2007 WL 2244784, * 5-7 (S.D.N.Y. July 11, 2007); Roberts v. Keith, 2000 WL 547252 , * 3 (S.D.N.Y. Mar. 7, 2006); Chivalry Film Prods. v. NBC Universal, Inc., 2006 WL 89944, * 1 (S.D.N.Y. Jan. 11, 2006). See also CA, Inc. v. Robert Software, Inc., 579 F. Supp.2d 355, 260-61 (E.D.N.Y. 2008 (adopting the injury rule but permitting equitable tolling and estoppel).

[3] See, however, 3 Nimmer on Copyright § 12.05[B][2] (2008) (urging adoption of Auscape rationale). See also Goldman v. Healthcare Mgmt. Sys., Inc., 2008 WL 2559030, * 3 (W.D. Mich. June 19, 2008) (appearing to equate "accrued" with "occurred," while declining to describe the issue as whether the "discovery rule" or the "injury rule" should be adopted).

3

second sentence would then read ". . . the statute of limitations bars infringement claims more than three years [after the plaintiff knew or was chargeable with such knowledge] . . . ."  In that way, an inference, as the defendants suggest, would make no sense.  See also Roger Miller Music, Inc. v. Sony/ATV Publ'g, llc, 477 F.3d 383, 390-91 (6th Cir. 2007).

Even though the defendants may have appealing arguments and can distinguish the factual circumstances in the cases before the Sixth Circuit, those issues may have more traction in the context of a dispositive motion.  On the other hand, the Magistrate Judge must consider the issue solely in the context of a discovery issue.[4]  To adopt the defendants' position would be tantamount to prejudging a dispositive matter that is more appropriately within the province of the District Judge.  In ruling on an issue involving the scope of discovery, it is more appropriate to permit a wider scope, if it is defensible and has legitimate underpinnings, leaving the dispositive issue to be resolved by the District Judge.  The applicability of the "discovery rule" in the Sixth Circuit is at least defensible and has the authority of the Sixth Circuit pronouncements.  This discovery ruling is not, however, intended to foreshadow or have any impact on any corollary dispositive issue.

Although the defendants' legal argument relies exclusively on their argument that the "injury rule" bars the plaintiff from recovery for any infringement prior to three years before this lawsuit was filed, the defendants also posit "a very practical reason why the 'discovery rule' should not be followed."  Docket Entry No. 52, at 9-10.  Specifically, the defendants explain that they may not have records for the period of time prior to three years before the lawsuit was filed.  Obviously, if the defendants do not have records, they will not be required to produce documents or provide information relating to such records if they are not in the custody, possession or control of the defendants.  Whether or not the plaintiff will ultimately be allowed to recover for infringement that

---

[4] None of the cases that the parties have cited or the that the Court has found have addressed the instant statute of limitations issue in the context of a discovery dispute.

4

predates three years before the lawsuit was filed is, again, a dispositive matter--not a discovery issue.[5]

Any party desiring to appeal this order of the Magistrate Judge may do so by filing a motion for review no later than ten (10) days from the date of service of this order. The motion for review must be accompanied by a brief or other pertinent documents to apprise the District Judge of the basis for the appeal. See Rule 9(a)(1) of the Local Rules for Magistrate Judge Proceedings.

It is so ORDERED.

JULIET GRIFFIN
United States Magistrate Judge

---

[5] The plaintiff also points out that defendant Clark and Howell did not even exist until 2007, so it has no basis to object to producing records prior to its existence. See Docket Entry No. 57, at 2.