IN THE UNITED STATES DISTRICT COURT
THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| Frank Betz Associates, Inc., | ) |
| | ) Case No. 3:08-0159 |
| Plaintiff, | ) |
| | ) Judge Wiseman |
| v. | ) Magistrate Judge Griffin |
| | ) |
| J.O. Clark Construction, LLC, et al., | ) |
| | ) |
| Defendants, | ) |
| | ) |
| _____ | ) |
| | ) |
| | ) |
| Clark & Howell Building Group, LLC, | ) |
| | ) |
| Third Party Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| Ken Howell | ) |
| | ) |
| Third Party Defendant | ) |

## DENIAL OF ENTRY OF DEFAULT

Pending is Third Party Plaintiff's Motion for Default Judgment against Third Party Defendant Ken Howell (Docket Entry No. 105). The Clerk will construe this motion as a request to enter default pursuant to Federal Rule of Civil Procedure 55(a). The grant of a default judgment is a two part process and no default judgment may be granted pursuant to FRCP 55(b) until default has been entered pursuant to FRCP 55(a). Ramada Franchise Systems, Inc. v. Baroda Enterprises, LLC 220 F.R.D. 303 (N.D. Ohio 2004). Third Party Plaintiff previously was advised of this by the Court (Docket Entries 81, 97 & 102).

1

The Motion is Denied.  The pending motion is not supported with an appropriate affidavit of military service as is required by the Servicemembers Civil Relief Act of 2003 (50 App. U.S.C. 501 et seq.).  The Act requires that affidavits be submitted that "state whether or not the Defendant is in military service and **showing facts necessary to support the affidavit**" (emphasis added).  Paragraph 3 of Third Party Plaintiff's Complaint (Docket Entry No. 60) is inadequate to serve this purpose as it not an affidavit or a declaration sworn under penalty of perjury.  In addition, it states only "upon information and belief" that Ken Howell is not in the military service and provides no facts to back up the assertion.  Finally, Third Party Defendant Ken Howell has filed an Answer and an Amended Answer (Docket Entries 111 & 114) to the Complaint against him.  Mr. Howell's answers were filed beyond the time period permitted by the Federal Rules of Civil Procedure, however the Clerk will not enter default in a case where an Answer has been filed without some showing that the entry of default is necessary to prevent prejudice to a Plaintiff.  "Judgment by default is a drastic step which should be resorted to only in the most extreme cases."  ***United Coin Meter Co., Inc. v. Seaboard Coastline RR.*** 705 F.2d 839 (6thCir.1983).  As such, the Clerk declines to enter default against Third Party Defendant where prejudice has not been plead by the Third Party Plaintiff nor found by the Clerk.

Accordingly, for the reasons stated above, the Clerk declines to enter default against Third Party Defendant Ken Howell.

s/ *Keith Throckmorton*
Keith Throckmorton
Clerk of Court