**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | |
|---|---|
| **FRANK BETZ ASSOCIATES, INC.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **J.O. CLARK CONSTRUCTION, L.L.C.,** ) | |
| **MARK CLARK and CLARK & HOWELL** ) | |
| **BUILDING GROUP, LLC,** ) | |
| ) | |
| **Defendants,** ) | |
| ) | **Civil Action No. 3:08-cv-00159** |
| **and** ) | |
| ) | |
| **CLARK & HOWELL BUILDING GROUP, LLC,** ) | **Judge Thomas A. Wiseman, Jr.** |
| ) | |
| **Defendant/Third-Party Plaintiff,** ) | **Magistrate Judge Juliet E. Griffin** |
| ) | |
| **v.** ) | |
| ) | |
| **KEN HOWELL,** ) | |
| ) | |
| **Third-Party Defendant.** ) | |

## ORDER

Plaintiff Frank Betz Associates, Inc. ("Betz") brings this action for the alleged infringement of its copyrights in home designs by defendants J.O. Clark Construction, L.L.C. ("JOC"), Mark Clark, and Clark & Howell Building Group, LLC ("C&H") (collectively, "Defendants"). Betz has filed a motion for partial summary judgment (Doc. No. 154) and Defendants have filed two separate motions for summary judgment, one on behalf of Defendants JOC and Mark Clark (Doc. No. 166), and one on behalf of Clark & C&H (Doc. No. 170).

Defendants seek judgment in their favor and dismissal of Betz's claims altogether. For the reasons set forth in the accompanying Memorandum Opinion, the Court finds that Defendants have failed to establish that they are entitled to judgment in their favor, based on the undisputed facts and the applicable law, as to any claim at issue in this case. Their motions (Doc. Nos. 166 and 170) are therefor **DENIED** in their entirety.

Betz moves for partial summary judgment on the following issues:

(1)	that Betz owns valid copyrights in the home designs (the "Betz Designs") with respect to which it makes infringement claims against Defendants;

(2)	that Defendants had access to the Betz Designs;

(3)	that the Defendants' allegedly infringing plans are, as a matter of law, substantially similar to the corresponding Betz Designs;

(4)	that there is no competent evidence in the record to support the affirmative defenses raised by Defendants in their respective Answers to Betz's Second Amended Complaint; and

(5)	that defendant Mark Clark is individually liable for infringement in this case because he owned and controlled the two entity defendants.

(See Pl.'s Mot. Partial Summ. J., Doc. No. 154, at 2.)  For the reasons discussed in the accompanying Memorandum Opinion, Betz's motion (Doc. No. 154) is **GRANTED IN PART AND DENIED IN PART**.

Specifically, the Court finds that Betz has established the absence of any material factual disputes as to whether it owns valid copyrights in the Betz Designs and that it is entitled to judgment in its favor as a matter of law as to that issue.  Betz has also established that there are no material factual disputes and that it is entitled to judgment in its favor as a matter of law on the question of whether Defendants had access to the Betz Designs.  Betz's motion for partial summary judgment in its favor as to those specific issues is therefore **GRANTED**.

The record as developed by Betz, however, does not support a conclusion that the allegedly infringing plans are substantially similar to the corresponding Betz designs; partial summary judgment as to that issue is therefore **DENIED**.

Betz has also moved for judgment in its favor as to Defendants' affirmative defenses including statute of limitations, laches, estoppel, failure to satisfy conditions precedent, unclean hands, good faith, failure to mitigate, license, accord and satisfaction, and "independent, intervening and superseding causes."  (Doc. Nos. 119, 120.)  Although the burden of proving these affirmative defenses rests on Defendants, Betz has come forward with evidence sufficient to refute nearly all of them.  For the reasons discussed in the Memorandum Opinion, the Court finds that Betz is entitled to summary judgment in its favor as to all of the affirmative defenses enumerated above, except that of the failure to mitigate damages.  Summary judgment in favor of Betz is **GRANTED** as to Defendants affirmative defenses of statute of limitations, laches, estoppel, failure to satisfy conditions precedent, unclean hands, good faith, license, accord and satisfaction, and independent, intervening and superseding causes.

Finally, because the Court does not reach the issue of ultimate liability, it would be premature to consider the question of whether Mark Clark would be individually liable for the entity defendants' alleged copyright infringement.  Summary judgment on that issue is **DENIED**.

The matter is referred back to the Magistrate Judge for further case management as necessary.

It is so **ORDERED**.


Thomas A. Wiseman, Jr.
Senior U.S. District Judge