IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| FRANK BETZ ASSOCIATES, INC., ) ) Plaintiff, ) ) v. ) ) J.O. CLARK CONSTRUCTION, L.L.C., ) MARK CLARK and CLARK & HOWELL ) BUILDING GROUP, LLC, ) ) Defendants, ) ) and ) ) CLARK & HOWELL BUILDING GROUP, LLC, ) ) Defendant/Third-Party Plaintiff, ) ) v. ) ) KEN HOWELL, ) ) Third-Party Defendant. ) | Civil Action No. 3:08-cv-00159<br><br>Judge Thomas A. Wiseman, Jr.<br><br>Magistrate Judge Juliet E. Griffin |

## ORDER

Before the Court is a Motion to Intervene (Doc. No. 190) filed by proposed intervenor Association Insurance Company ("AIC"), seeking leave to intervene pursuant to Rule 24(b) of the Federal Rules of Civil Procedure, for the limited purpose of submitting special interrogatories to the jury. AIC issued a liability insurance policy naming defendants J.O. Clark Construction, L.L.C. and Clark & Howell Building Group, LLC (collectively, "Defendants") as insureds but does not believe the policy provides insurance coverage to these Defendants for the acts alleged in the lawsuit. AIC has been providing a defense for these Defendants under a reservation of rights. AIC asserts that the special interrogatories to the jury would ask specific damage and verdict-related questions such that, if a plaintiff's verdict is rendered, it would be possible to determine whether damages are or are not covered under the subject policy. AIC has not submitted its proposed special interrogatories, nor has it provided the Court with a complete copy of the subject policy.

Plaintiff Frank Betz Associates, Inc. ("Betz") has filed a response in opposition to AIC's motion to

intervene, arguing that the motion should be denied because (1) its intervention would prejudice the parties; and (2) its motion is untimely.

Rule 24(b) of the Federal Rules of Civil Procedure vests this Court with the discretion, "[o]n timely motion," to permit "anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). Thus, "[t]o intervene permissively, a proposed intervenor must establish that the motion for intervention is timely and alleges at least one common question of law or fact. Once these two requirements are established, the district court must then balance undue delay and prejudice to the original parties, if any, and any other relevant factors to determine whether, in the court's discretion, intervention should be allowed." *United States v. Michigan*, 424 F.3d 438, 445 (6th Cir. 2005) (internal citations omitted).

The Sixth Circuit has made it clear that timeliness "should be evaluated in the context of all relevant circumstances." *Stupak-Thrall v. Glickman*, 226 F.3d 467, 472–73 (6th Cir. 2000) (quoting *Jansen v. City of Cincinnati*, 904 F.2d 336, 340 (6th Cir. 1990)). The Sixth Circuit has identified five specific factors as particularly relevant to whether a motion is "timely":

> (1) the point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenors knew or should have known of their interest in the case; (4) the prejudice to the original parties due to the proposed intervenors' failure to promptly intervene after they knew or reasonably should have known of their interest in the case; and (5) the existence of unusual circumstances militating against or in favor of intervention.

*Stupak-Thrall*, 226 F.3d at 473 (quoting *Jansen*, 904 F.2d at 340). Betz argues that the motion to intervene is not timely because suit has progressed past discovery virtually to the threshold of trial, and AIC has been aware of its interest in this case since no later than March 5, 2008, the date of its initial correspondence with the insureds regarding the case. Since Betz filed its response, however, the trial date has been postponed until early 2011. In addition, because the proposed purpose of AIC's intervention would be to introduce special interrogatories at trial, and AIC does not seek to participate in discovery or other pre-trial proceedings, it does not appear that earlier intervention would have made any difference. Despite the fact that this matter has been pending now for more than two years, the Court does not find that AIC's motion is untimely under the particular circumstances presented here.

The next question, then, is whether AIC as the proposed intervenor has alleged at least one common question of law or fact. In the memorandum in support of its motion, AIC alleges very broadly that it does not believe that the liability insurance policy it issued to Defendants, for a policy period of May 4, 2007 through May 4, 2008, provides coverage to Defendants for the acts alleged in Betz's lawsuit. AIC has not provided the Court with a complete copy of the subject policy, however, nor has it specifically identified the common question of law or fact that is raised merely by the fact that AIC provides insurance coverage to the Defendants. Admittedly, AIC cross-references copies of the reservation-of-rights letters it sent to its clients, which are attached as exhibits to the Memorandum in support of its motion to intervene, and those letters contain lengthy excerpts from the subject insurance policy. AIC states but does not explain in those letters the basis for its belief that the policy does not provide coverage for the claims at issue. Further, the Court notes that AIC has failed to comply with yet another provision of Rule 24, which requires that any motion to intervene, whether as of right or permissively, must "state the grounds for intervention *and be accompanied by a pleading that sets out the claim or defense for which intervention is sought.*" Fed. R. Civ. P. 24(c) The Sixth Circuit apparently does not enforce this requirement strictly,[1] but in the present case AIC's failure to comply with it serves to highlight its failure specifically to identify anywhere in its motion documents the common question(s) of law or fact implicated here, or to articulate the special interrogatories it proposes to submit to the jury.

Even if the Court presumes that the extent-of-coverage concerns raised by AIC have questions of fact in common with the main action here, the Court further finds that AIC's motion for permission to submit special interrogatories to the jury must be denied on the basis of potential prejudice. With respect to the question of prejudice, the Court's research reveals that the various courts that have considered an insurer's request to intervene have reached different conclusions, based in large part upon the different factual scenarios presented.[2]

---

[1] *See Providence Baptist Church v. Hillandale Committee, Ltd.*, 425 F.3d 309, 314–15 (6th Cir. 2005) (reversing district court's denial of proposed intervenor's motion to intervene for failure to comply strictly with Rule 24(c) as abuse of discretion, but not actually deciding whether to adopt a lenient or strict approach to Rule 24(c)).

[2] *Compare Thomas v. Henderson*, 297 F. Supp. 2d 1311, 1324 (S.D. Ala. 2003) (noting that courts had gone both ways on the issue but ultimately deciding to grant an insurer's motion to intervene for the limited purpose of submitting special jury interrogatories to the Court while reserving judgment on whether the interrogatories would actually be submitted to the jury; the court found that the insurance company's

In the present case, several factors weigh against permitting intervention. First, it appears that AIC is providing a defense, under a reservation of rights, to the Defendants, which would create a conflict of interest for the lawyers representing the Defendants if AIC were permitted to intervene. *Cf. Nieto*, 61 F. Supp. 2d at 1195 (noting that permitting defendant's insurer to intervene would impose on the defendant "[n]ot only . . . the burden of presenting a defense to Plaintiffs' accusations, but [also] the additional burden of having his insurer interfere with his defense").[3] Second, largely as a result of its failure to produce a complete copy of the insurance policy[4] or to identify precisely the common questions of law or fact involved, AIC has not shown "any great need" to intervene. *Cf. Restor-A-Dent*, 725 F.2d at 877 (affirming district court's denial of motion to intervene in part because the proposed intervenor had not shown "any great need for the relief sought"). Moreover, this Court typically employs fairly detailed verdict forms that ask the jury to assess liability for each separate cause of action. This practice should further

---

proposed intervention raised common questions of fact with those in the pending action, and that there had been no showing that the limited intervention would delay the action or prejudice any party, and that the special interrogatories would resolve issues that might not be resolvable in the context of the also-pending declaratory judgment action filed by the insurance company); *and Plough, Inc. v. Int'l Flavors & Fragrances, Inc.*, 96 F.R.D. 136 (W.D. Tenn. 1982) (where defendants' insurance company sought permission to intervene for the purpose of submitting special interrogatories to the jury, the court granted the motion to intervene and allowed the insurance company to propose special interrogatories to the court while reserving judgment on whether the interrogatories would be submitted to the jury); *with Nieto v. Kapoor*, 61 F. Supp. 2d 1177, 1195 (D.N.M. 1999) (denying a motion for permissive intervention where the proposed intervenor/insurer's interests were "unquestionably antagonistic" to those of the defendant and therefore had the potential to prejudice the adjudication of his rights, since the defendant would "[n]ot only . . . have the burden of presenting a defense to Plaintiffs' accusations, but he will carry the additional burden of having his insurer interfere with his defense," and also finding that the better course of action was to allow the insurance company's already commenced but stayed declaratory action to resolve the coverage conflict at the conclusion of the primary litigation), *aff'd on other grounds*, 268 F.3d 1208 (10th Cir. 2001); *and Restor-A-Dent Dental Labs., Inc. v. Certified Alloy Prods., Inc.*, 725 F.2d 871, 877 (2d Cir. 1984) (affirming the district court's exercise of its discretion to deny an insurer's motion to intervene for the purpose of proffering special interrogatories to the jury where (1) the insurer did not have any "great need for the relief sought" because the trial judge would likely require a separate verdict for each of the three causes of action brought by the plaintiff; (2) there was no assurance that the intervention would not unduly delay the main action; (3) an appeal of the court's failure to submit the requested interrogatories as framed by the insurer had the potential to complicate an appeal of the main action; and (4) unlike in *Plough* case, the defendant was represented by counsel provided by the insurer/intervenor which "may well exacerbate a potential conflict of interest for the attorney furnished by [the insurer] to represent [the defendant]," and could deter settlement as well).

[3] The Court notes that, although it is clearly not in the Defendants' best interest for AIC to intervene, only the plaintiff here, rather than any of the Defendants, filed a response in opposition to AIC's motion.

[4] As the Second Circuit noted in *Restor-A-Dent*, if the proposed intervenor had proffered a copy of the insurance policy, the court would have been able to determine whether "there [was] a legitimate controversy" between the insurer and its insured or whether the motion to intervene was "merely a tactical move" to affect settlement talks or the outcome of the action. 725 F.2d at 877.

minimize any need on AIC's part to intervene to propose additional special interrogatories. Third, unlike virtually every other proposed intervenor/insurance company in the reported cases this Court has reviewed, AIC has not filed a separate declaratory judgment action to clarify its coverage obligation, and it has not indicated to this Court why a declaratory judgment action would not efficiently and effectively dispose of the dispute with its insureds. Thus, even assuming the existence of common questions of law or fact, the Court is compelled by these considerations to exercise its discretion to deny the motion to intervene.

Accordingly, for all the reasons set forth herein, AIC's motion to intervene (Doc. No. 190) is hereby **DENIED**.

It is so **ORDERED**.

_____
Thomas A. Wiseman, Jr.
Senior U.S. District Judge